UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21233

BRYAN SEVARES,

  Plaintiff,

vs.

AMERICAN PIPELINE CONSTRUCTION, LLC
AND ANDRES LUNA,

  Defendants.

_____/

## **COMPLAINT**

  Plaintiff, Bryan Sevares, sues Defendants, American Pipeline Construction, LLC and Andres Luna, as follows:

### *Parties, Jurisdiction, and Venue*

  1. **Plaintiff, Bryan Sevares**, is over 18 years old and has been a *sui juris* resident of Hillsborough County, Florida, at all times material.

  2. Plaintiff consents to participate in this lawsuit.

  3. Plaintiff worked for Defendants as a construction worker.

  4. Plaintiff was an hourly employee of Defendants.

  5. Defendants agreed to pay Plaintiff at a rate of $20.00 per hour.

  6. Plaintiff worked for Defendants, American Pipeline Construction, LLC and Andres Luna, from about January 19, 2022, to February 6, 2022.

  7. **Defendant, American Pipeline Construction, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit

1

construction business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

8.     **Defendant, Andres Luna,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He is a citizen of Miami-Dade County, he ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

9.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

10.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

11.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

12.     Although not required, Plaintiff attempted to resolve this matter with Defendants by sending one or more demand letters to Defendants through undersigned counsel on March 11, 2022, but Defendants never responded to Plaintiff, the office of the undersigned, nor did Defendants pay Plaintiff the money owed to him.

13.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Bryan Sevares, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

14.     Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

15.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

16.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their performance of construction work, which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

17.     Defendants utilize front end loaders, bulldozers, roller compactors, heavy equipment, machinery, hand tools, parts, fluids, adhesives, lubricants, goods, materials, supplies, equipment, cellular telephones, telephones, and other materials and supplies that were manufactured/assembled outside of the State of Florida to engage in interstate commerce.

18.     Defendants also engage in e-commerce through the internet on their website, www.american-pipeline.com/ which they registered through GoDaddy LLC (a foreign corporation).

19.     Defendants engage in interstate commerce in their submission of billings and receipt of payment involving out-of-state payors, vendors, and contractors.

20.     Defendant's corporate annual gross revenues derived from this interstate commerce

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
www.fairlawattorney.com

are believed to exceed $500,000.00 for the relevant time and/or exceeded $125,000.00 for each relevant fiscal quarter.

21.    Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

22.    Plaintiff was a non-exempt employee of Defendants.

23.    To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

24.    Defendants controlled all job-related activities of Plaintiff.

25.    Defendants coordinated all job-related activities of Plaintiff.

26.    Defendants supervised Plaintiff's work.

27.    Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that he worked by failing to timely pay him for the hours that he worked for Defendants from January 19, 2022, to February 6, 2022.

28.    As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

29.    Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

30.    Plaintiff is entitled to a backpay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiff, Bryan Sevares, demands the entry of a judgment in Plaintiff's favor and against Defendants, American Pipeline Construction, LLC and Andres Luna, jointly and severally, after trial by jury and as follows:

    a.    That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (Against American Pipeline Construction, LLC)

Plaintiff, Bryan Sevares, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

31.     Plaintiff and Defendant, American Pipeline Construction, LLC, agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a rate of $20.00 for each hour that worked for it.

32.     Plaintiff performed under the parties' contract/agreement by performing work for Defendant, American Pipeline Construction, LLC, as aforesaid.

33.     Defendant, American Pipeline Construction, LLC, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $20.00 for each of hour work performed for Defendant from January 19, 2022, to February 6, 2022.

34.     Plaintiff has been damaged as a result of this Defendant's failure to pay for the work performed January 19, 2022, to February 6, 2022, in a timely manner.

WHEREFORE Plaintiff, Bryan Sevares, demands the entry of a judgment in his favor and against Defendant, American Pipeline Construction, LLC, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT
### (Against American Pipeline Construction, LLC)

Plaintiff, Bryan Sevares, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

35.     Plaintiff provided labor and services for Defendant, American Pipeline Construction, LLC, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4844   FAX 305.230.4844
www.fairlawattorney.com

36.     Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

37.     Plaintiff provided services on behalf of Defendant, American Pipeline Construction, LLC, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

38.     Defendant, American Pipeline Construction, LLC, was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from January 19, 2022, to February 6, 2022.

WHEREFORE Plaintiff, Bryan Sevares, demands the entry of a judgment in his favor and against Defendant, American Pipeline Construction, LLC, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Bryan Sevares, demands a trial by jury of all issues so triable.

Respectfully submitted this 20th day of April 2022,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

7