UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21233

BRYAN SEVARES,

    Plaintiff,

vs.

AMERICAN PIPELINE
CONSTRUCTION, LLC, et al.,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff, Bryan Sevares, through his undersigned counsel and pursuant to Local Rule 7.1 and other applicable Rules and laws, requests that the Court enter a Final Judgment in his favor and against Defendants, American Pipeline Construction, LLC, based on the following:

1.    Plaintiff sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by not paying him the minimum wages he earned. *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996)). [ECF No 5].

2.    Plaintiff served the Summons and Complaint on Defendant, American Pipeline Construction, LLC, on September 23, 2022. [ECF No. 22-1.]

3.    Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Defendants were required to timely respond to the Summons and Complaint or request (and receive) an extension of time to respond.

4. Defendant, American Pipeline Construction, LLC, after having been served with the Complaint and Summons, took none of the required actions in a timely fashion such that the Clerk of Courts issued a Clerks' Default against it on October 18, 2022. [ECF No. 26].

5. Plaintiff mailed American Pipeline Construction, LLC a copy of the Clerk's Default on October 18, 2022, at the address where American Pipeline Construction, LLC was served with process. (Letter appended hereto as Exhibit "A").

6. Since the date of filing the instant lawsuit, none of the Defendants contacted the undersigned nor filed any papers in this cause.

7. Appended to this Motion as Exhibit "B" is a Declaration of Indebtedness by Bryan Sevares.

8. In Exhibit "B", Mr. Sevares declared that he is owed back wages in the total amount of **$4,160.00** for unpaid/underpaid minimum wages, plus liquidated damages as a penalty equal to his unpaid/underpaid minimum wages of **$754.00**, so that the total amount of damages due to Plaintiff equals **$4,914.00**, exclusive of attorneys' fees and costs.

9. As the prevailing party in this case, Plaintiff seeks the recovery of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and Fla. Stat. §448.08, and therefore seeks an order of entitlement to recover his attorneys' fees and costs.

10. Plaintiff is serving a copy of this Motion on Defendants, AMERICAN PIPELINE CONSTRUCTION, LLC, by U.S. Mail at the address where process was served.

WHEREFORE Plaintiff, Bryan Sevares, requests the Court to issue a Final Judgment in his favor and against Defendants, AMERICAN PIPELINE CONSTRUCTION, LLC, for damages, penalties, attorneys' fees and costs, and to award such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

In *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009), the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by her default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Quoting Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *also citing Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Satisfying this standard, Plaintiff alleged facts in the Complaint that, as admitted pursuant to Defendants' default and failure to timely respond, establish that Defendants were both subject to and violated the FLSA by failing to pay his minimum wages, thereby entitling Plaintiff to recover his unpaid wages, liquidated damages, attorneys' fees and costs. To recover under the FLSA, Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (*citing* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5).)

### A.    Defendants Employed Plaintiff.

Plaintiff alleged in the Amended Complaint that Defendants AMERICAN PIPELINE CONSTRUCTION, LLC, employed him. [ECF No. 11 at ¶¶3-6, 33-38.]

### B.    The FLSA Applies to Defendants and to Plaintiff's Work For Defendants.

Plaintiff must also demonstrate that he is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or in the production of goods for commerce, or that [have] employees handling, selling, or otherwise working on

> goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.' " *Polycarpe v. E & S Landscaping Serv., Inc.,* 616 F.3d 1217, 1220 (11th Cir.2010) (quoting 29 U.S.C. § 203(s)(1)(A)). For individual FLSA coverage to apply, a plaintiff must show that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (citing 29 U.S.C. § 207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012).

In the Complaint, Plaintiff alleged that Defendants were engaged in interstate commerce and had gross revenues exceeding $500,000 per year in the course of operating a construction business using front end loaders, bulldozers, roller compactors, heavy equipment, machinery, hand tools, parts, fluids, adhesives, lubricants, goods, materials, supplies, equipment, cellular telephones, telephones, and other materials and supplies that were previously placed in the stream of commerce from outside the State of Florida. [ECF No. 11 at ¶26-31]. Plaintiff, therefore, sufficiently alleged a basis for the Court to find that Defendants are subject to FLSA enterprise coverage. *Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008).

Plaintiff further alleged that his job duties entailed doing construction work for the Defendants. [ECF No. 11 at ¶3]. Plaintiff sufficiently alleged a basis for the Court to find that he is entitled to individual FLSA coverage. *See e.g.*, *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employee "regularly using the instrumentalities of interstate commerce in her work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.") (*Citing* 29 C.F.R. §§776.23(d)(2) and §776.24 (2005).

### C. Plaintiff Performed Work For Which He Was Not Paid.

Plaintiff does not have any time and pay records from Defendants and so based his calculations on his recollection of the dates and times worked and the pay he received for that work as indicated in his Statement of Claim. [ECF No. 6].

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that

he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out her burden of proof.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). Plaintiff attested to having suffered damages for unpaid minimum wages in the amount of $2,080.00. (Exhibit "B".) Plaintiff thus satisfied the requirement that he provide the Court with evidentiary support for his damages.

Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

*Febles v. RC Painting Contractors, Inc.*, 2013 WL 12138553, at *1 (S.D. Fla. Dec. 31, 2013).

### D. <u>Plaintiff Is Entitled To Liquidated Damages.</u>

The FLSA requires the doubling of an unpaid/underpaid overtime wage award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. §260. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566-67 (11th Cir.1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir.1987). The Defendants have not and cannot meet their burden allowing the Court discretion on whether to award liquidated damages by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiff in an amount equal to his unpaid minimum wages. *See e.g.*, *Joiner*, 814 F.2d at 1539 ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer

carries its burden of proving good faith.") Consequently, Plaintiff is entitled to recover an additional amount of $2,834.00 as liquidated damages from the Defendants. (Exhibit "B".)

### E. **Plaintiff Alleged A *Prima Facie* Case For Breach of Contract and Unjust Enrichment.**

Plaintiff established that he first entered into a contract with Defendants pursuant to which he would perform work for them at a rate of $20.00 an hour. (Exhibit "B"). Defendants breached their contractual arrangement with Plaintiff when it did not timely pay him at all for the hours that Plaintiff worked for Defendants from January 19, 2022, to February 6, 2022, resulting in damages (in the form of unpaid wages) to him in the amount of $2,080.00. *Id.* In the alternative, Plaintiff alleged that without a contract or remedy at law, he is entitled to the reasonable value of the services and/or the benefit conferred on Defendant. *Id.*

## CONCLUSION

For the reasons set forth above, Plaintiff requests the Court to award the relief requested above, to determine that Plaintiff is the prevailing party and entitled to his attorneys' fees and costs pursuant to 29 U.S.C. §216(b), and to reserve jurisdiction to determine the amount of those attorneys' fees and costs upon application by the Plaintiff as to the amount of same.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this November 11, 2022, which will affect service on all who appear in this action, and by U.S. Mail on Defendant, AMERICAN PIPELINE CONSTRUCTION, LLC, Secretary of State, PO Box 6327, Tallahassee, FL 32314.

s/Toussaint Cummings, Esq.
Toussaint Cummings, Esq.
Fla. Bar No. 119877
toussaint@fairlawattorney.com

FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiffs*