## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21233-MOORE/DAMIAN

BRYAN SEVARES,

      Plaintiff,

v.

AMERICAN PIPELINE
CONSTRUCTION, LLC, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT [ECF NO. 27]

THIS CAUSE is before the Court on Plaintiff, Bryan Sevares's ("Plaintiff"), Motion for Entry of Final Judgment against Defendant, American Pipeline Construction, LLC ("Defendant" or "APC"), filed November 11, 2022 [ECF No. 27] (the "Motion"). This matter was referred to the undersigned for a Report and Recommendation. [ECF No. 29]. *See* 28 U.S.C. § 636(b).[1]

The undersigned has considered Plaintiff's Motion, the supporting documents, and the pertinent portions of the record and is otherwise fully advised in the premises. Defendant did not file a response to the Motion, and the time to do so has passed. For the reasons set forth below, the undersigned recommends that Plaintiff's Motion for Entry of Final Judgment [ECF No. 27] be granted in part and denied in part.

---

[1] This case was originally assigned to United States District Judge Marcia Cooke. It was subsequently reassigned to United States District Judge K. Michael Moore for all further proceedings. [ECF No. 30].

## I.      BACKGROUND

### A.  The Allegations

On April 20, 2022, Plaintiff filed a Complaint against Defendants, APC and Andres Luna (collectively, "Defendants"), asserting claims for unpaid minimum wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and for breach of contract and unjust enrichment against Defendant APC. [ECF No. 1]. Plaintiff filed an Amended Complaint on August 15, 2022. [ECF No. 11 ("Am. Compl.")]. The Amended Complaint is the operative pleading in this action.

As alleged in Count I of the Amended Complaint, Defendant APC, which operates a construction business, is a Florida for-profit limited liability company and an enterprise engaged in interstate commerce with an annual gross revenue exceeding $500,000.00 per year. Am. Compl. at ¶¶ 7, 26–31. Plaintiff alleges that he was employed by Defendants as a construction worker for thirteen (13) days from about January 19, 2022 to February 6, 2022. *Id.* at ¶¶ 3, 6, 25. According to Plaintiff, Defendants agreed to pay him at a rate of $20.00 per hour, but Defendants failed and refused to pay him even a minimum wage of $7.25 per hour for each hour that he worked during the relevant period. *Id.* at ¶ 5, 38.

In his Statement of Claim, Plaintiff claims he is owed $2,080.00 in unpaid wages for the 104 hours he worked during the thirteen-day period, and he seeks an equal amount in liquidated damages pursuant to Section 260 of the FLSA. [ECF No. 6]. Plaintiff also claims he is entitled to an additional $754.00 as liquidated damages for unpaid minimum wages. *Id.* at 2. Therefore, Plaintiff seeks a total of $4,914.00 in damages, in addition to attorneys' fees and costs under the FLSA. *Id.*

In addition to his FLSA claim for unpaid minimum wages, Plaintiff alleges state law claims against Defendant APC for breach of contract and unjust enrichment . *See* Am. Compl. at ¶¶ 42–49. Specifically, in Count II of the Amended Complaint, Plaintiff alleges Defendant APC "agreed that in exchange for Plaintiff expending time and effort on its behalf," Defendant APC "would compensate him at a rate of $20.00 for each hour" that Plaintiff worked. *Id.* at ¶ 42. Plaintiff alleges he "performed under the parties' contract/agreement by working" for Defendant APC but that Defendant "failed and refused to perform its obligation to timely pay Plaintiff at the rate of $20.00 for each hour [of] work performed for Defendant from January 19, 2022, to February 6, 2022." *Id.* at ¶¶ 43–44.

Similarly, in Count III of the Amended Complaint, Plaintiff alleges he "provided labor and services" for Defendant APC, for which Plaintiff "expected to be paid a reasonable value," and that Defendant "received and accepted the benefits of the labor and services supplied by Plaintiff." *Id.* at ¶ 46–48. According to Plaintiff, Defendant APC "was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from January 19, 2022, to February 6, 2022." *Id.* at ¶ 49.

### B.  Service Of Process On Defendant APC

In the Amended Complaint, Plaintiff alleges he attempted to serve Defendant APC with the Summons and Complaint nine (9) different times over the course of two months at the address of its registered agent and at its principal address but that all attempts were unsuccessful. *See* Am. Compl. at ¶ 16. Plaintiff alleges his counsel contacted Defendants' payroll manager who advised that APC no longer had a physical address and that its employees were working from home. *Id.* at ¶ 17. According to Plaintiff's allegations, the payroll manager provided telephone numbers for APC's owner and registered agent,

Defendant Luna, and APC's managing member, Marcio Viera, but would not accept service on behalf of APC. *Id.* at ¶¶ 18–19. Plaintiff alleges his attorney called Defendant Luna and APC's managing member at the telephone numbers provided but received no answer from either one. *Id.* at ¶ 20.

Based on these unsuccessful service attempts, Plaintiff alleges he attempted service on APC's designated registered agent, Defendant Luna, in compliance with Section 48.062(1), Florida Statutes, as well as APC's sole managing partner, Defendant Luna, its sole managing member, Vieria, and one of its employees, the payroll manager, in compliance with Section 48.062(2), Florida Statutes, all to no avail. *Id.* at ¶¶ 21–22. According to Plaintiff, Defendant APC failed to comply with the requirements of Section 605.0114, Florida Statutes, by not filing a statement indicating a change of its registered agent or its registered office. *Id.* at ¶ 23. Plaintiff also alleges Defendant APC is concealing its whereabouts, and, therefore, substitute service is proper pursuant to Sections 48.062 and 48.181, Florida Statutes. *Id.* at ¶ 24.

On October 13, 2022, Plaintiff filed a Notice of Filing Proof of Service indicating that on September 23, 2022, substitute service of the summons and initial pleadings was accepted by the Secretary of State, pursuant to Sections 48.062 and 605.0117, Florida Statutes, on behalf of Defendant APC. [ECF No. 22].

### C. Procedural Posture

Plaintiff requested entry of default against Defendant APC [ECF No. 25], which the Clerk of Court subsequently entered on October 18, 2022, for failure to respond or otherwise

appear. [ECF No. 26]. On November 11, 2022, Plaintiff filed the Motion for Entry of Final Judgment now before the Court solely against Defendant APC.[2] [ECF No. 27].

As of the date of this Report, Defendant APC has not responded to the Amended Complaint, the Motion, nor any other filings in this case. Nor has an attorney made an appearance on its behalf.

In the Motion, like the Statement of Claim, Plaintiff alleges he is entitled to $2,080.00 in unpaid wages, plus an equal amount in liquidated damages, and an additional $754.00 in liquidated damages for unpaid minimum wages. Mot. at ¶ 8. Accordingly, Plaintiff seeks a default final judgment against Defendant APC[3] for $4,914.00 in damages, and he also seeks entitlement to reasonable attorney's fees and costs as the prevailing party pursuant to the FLSA. *Id.* at ¶ 9.

## II.   APPLICABLE LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). "[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a

---

[2] It appears Plaintiff has abandoned his efforts to perfect service on Defendant Luna, and Plaintiff did not move for default as to Defendant Luna.

[3] The undersigned notes that throughout his Motion, Plaintiff refers to "Defendants" in the plural. *See* Mot. at 3. However, in the proposed final judgment submitted with the Motion [ECF No. 27-3], Plaintiff only mentions Defendant APC.

motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint (which are taken as true due to the default) state a substantive cause of action and provide a sufficient basis for the particular relief sought. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Once a plaintiff has established a sufficient basis for liability, the Court must assess the damages and fees award sought by examining the affidavits and evidence submitted. "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (Scola, J.) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)). "After ascertaining the appropriate amount of damages, the Court must enter final judgment in that amount." *Fagan v. Central Bank of Cyprus*, No. 19-80239-CIV, 2021 WL 2845034, at *3 (S.D. Fla. June 28, 2021) (Reinhart, J.) (quoting *Nishimatsu*, 515 F.2d at 1206), *report and recommendation adopted*, 2021 WL 2915109 (S.D. Fla. July 12, 2021) (Rosenberg, J.).

## III.    DISCUSSION

With the foregoing in mind, the undersigned turns to the allegations in the Amended Complaint and the requested relief. The undersigned first addresses service of process,

followed by liability for purposes of entering default judgment and then ascertains the requested damages and entitlement to fees and costs.[4]

### A. Substitute Service Of Process

Florida's substitute service statutes provide an exception to the general rule that a defendant must be personally served. The Florida courts require strict compliance with the statutory requirements to protect due process guarantees. *See Monaco v. Nealon*, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002). Section 48.062, Florida Statutes, governs the methods of service on a limited liability company. Section 48.062(3) provides that "[i]f, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in [Section] 48.181."

The jurisdictional requirements of Section 48.181 are that the defendant conducts business in Florida and is either: (1) a nonresident, (2) a resident of Florida who subsequently became a nonresident, or (3) a resident of Florida concealing its whereabouts. *See* Fla. Stat. § 48.181; *see also Alvarado v. Cisneros*, 919 So. 2d 585, 589 (Fla. 3d DCA 2006). The Florida courts have emphasized, that in order to support substituted service of process on a defendant through the Secretary of State, the complaint must allege the jurisdictional requirements prescribed by the applicable statute. *See Mecca Multimedia, Inc. v. Kurzbard*, 954 So. 2d 1179,

---

[4] Federal courts have original jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. The FLSA is one such law. *Nicopior v. Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1284 (S.D. Fla. 2019) ("There is no dispute that the [c]ourt has federal question jurisdiction over [the p]laintiffs' FLSA claim.") (citing 28 U.S.C. § 1331). As a result, the Court has subject-matter jurisdiction over Plaintiff's FLSA claim. The Court also has supplemental jurisdiction over Plaintiff's state law claims. *See Camp v. City of Pelham*, 625 F. App'x 422, 425 n.8 (11th Cir. 2015) (noting the district court had federal question jurisdiction based on the FLSA claim and it exercised supplemental jurisdiction over the state law claims) (citing 28 U.S.C. § 1367(a)).

1182 (Fla. 3d DCA 2007) (substitute service improper because complaint did not allege facts showing defendant was concealing its whereabouts); *Alhussain v. Sylvia*, 712 So. 2d 806, 807 (Fla. 4th DCA 1998) (substitute service improper where complaint alleged defendant was a Florida resident but "failed to allege, nor was it amended to allege, that [defendant] had become a nonresident or was concealing his whereabouts").

Here, Plaintiff alleges that Defendant APC is a Florida for-profit limited liability company authorized to conduct business in Miami-Dade County, Florida and that it is concealing its whereabouts after various attempts at service. Am. Compl. at ¶¶ 7, 14–24.

Because the Amended Complaint alleges the necessary jurisdictional allegations, the undersigned finds that Plaintiff has sufficiently established that substitute service of Defendant APC was proper.

### B. *Liability*

#### 1. **Unpaid Minimum Wages Under The FLSA (Count I)**

"[T]he requirements to state a claim of a FLSA violation are quite straight forward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege: "(1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages." *Ray v. Adams & Assocs., Inc.*, 599 F. Supp. 3d 1250, 1256 (S.D. Fla. 2022) (Bloom, J.) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). Under the FLSA, an employee "has the burden of proving that he performed work for which he was not properly compensated." *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1332 (S.D. Fla. 2016) (citing *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 680, 687 (1946)).

Plaintiff pled each of these elements in Count I of the Amended Complaint. Specifically, Plaintiff alleged that he was employed by Defendant APC during the relevant time period. Am. Compl. at ¶¶ 3–6, 33–38. Next, Plaintiff alleged that Defendant APC was engaged in interstate commerce and had gross revenues exceeding $500,000.00 per year in the course of operating a construction business using front end loaders, bulldozers, roller compacters, heavy equipment, machinery, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside the State of Florida. *Id.* at ¶¶ 26–31. Plaintiff, thus, sufficiently alleged a basis for the Court to find that Defendant APC is subject to FLSA enterprise coverage. *See* 29 U.S.C. § 203(s)(1)(A); *see also Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008). Plaintiff also alleged that his job duties entailed doing construction work for Defendant APC and using the above-identified equipment. Am. Compl. at ¶¶ 3, 26. Therefore, Plaintiff sufficiently alleged a basis for the Court to find that he is entitled to individual FLSA coverage. *See, e.g.*, *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employee "regularly using the instrumentalities of interstate commerce in her work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel") (citing 29 C.F.R. § 776.23(d)(2); § 776.24 (2005)).

In his Motion, Plaintiff states that he does not have any time and pay records from Defendant APC and, thus, based his calculations on his recollection of the dates and times worked and the pay he expected to receive. *See* Mot. at 4.

> An employee who brings suit under [section] 16(b) of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact

> that it is the employer who has the duty under [section] 11(c) of the [FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

*Anderson*, 328 U.S. at 686–87. In his Declaration, submitted in support of the Motion, Plaintiff asserts he is owed $2,080.00 in unpaid wages and $754.00 in unpaid minimum wages. [ECF No. 27-2 at ¶ 7]. Plaintiff thus satisfies the requirement that he provide the Court with evidentiary support for his damages.

By defaulting, Defendant APC admits that it employed Plaintiff, that it engaged in commerce, and that it failed to pay Plaintiff minimum wages as required by law. These admissions are sufficient to establish that Defendant APC is liable to pay Plaintiff the unpaid minimum wages owed for his work. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Based on the unrebutted allegations in the Amended Complaint and the relevant record evidence, and accepting Plaintiff's allegations as true, the undersigned finds that Plaintiff has established that he performed work for which he was not properly compensated by Defendant APC in violation of the FLSA. Plaintiff has thus established the elements of his unpaid minimum wages claim. The amount of damages to which he is entitled is discussed below.

## 2.  Breach Of Contract (Count II)

In Count II of the Amended Complaint, Plaintiff alleges he entered into a contract with Defendant APC pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation at a rate of $20.00 per hour, and that Defendant breached the contract by failing to pay Plaintiff compensation for all hours that he worked. Am. Compl. at ¶¶ 42–45.

As a threshold matter, the undersigned finds that Plaintiff's breach of contract claim, in which he seeks unpaid wages in excess of the minimum wage based on an agreement with Defendant, is not impermissibly duplicative of the FLSA unpaid minimum wage claim. *See Smith v. Therapies 4 Kids, Inc.*, No. 20-61270-Civ, 2021 WL 4990610, at *5 (S.D. Fla. Aug. 23, 2021) (Dimitrouleas, J.) (finding that plaintiff's breach of contract claim under state law is premised on the theory that plaintiff and defendants entered into a contract, pursuant to which plaintiff agreed to provide services to defendant in exchange for compensation in the amount of $22.00 per hour, and that defendants breached the contract by failing to pay plaintiff compensation for all hours that she worked); *Ramos v. Alba Constr. Inc.*, No. 20-cv-25192, 2021 WL 8972149, at *2 (S.D. Fla. Apr. 26, 2021) (Graham, J.) (noting that plaintiff could have recovered the total amount for his unpaid wages under a theory of breach of contract but he raised no such claims in his complaint, and, therefore, he could only recover the unpaid minimum wages under the FLSA); *Beck v. Fin. Tech. Corp.*, No. 7:16-CV-01845, 2017 WL 5668388, at *5 (N.D. Ala. Nov. 27, 2017) (where plaintiff's claim, which was labeled as a FLSA minimum wage claim, sought compensation for unpaid wages at the rate "promised by Defendants," the court found the claim was, in substance, a breach of contract claim). *Cf. Lahens v. Le Petit Papillon Montessori Corp.*, No. 22-cv-21038, 2022 WL 4273405, at *3–4 (S.D.

11

Fla. Sept. 15, 2022) (King, J.) (finding breach of contract claim for unpaid wages under Florida law preempted by the FLSA and rejecting plaintiff's argument that the breach of contract claim is a gap-filler because plaintiff was supposed to be paid $40 per hour and the FLSA only allows for the recovery of minimum wage rates).

Under Florida law, the elements of a breach of contract action are: "(1) a valid contract; (2) a material breach; and (3) damages." *Dorsainvil v. JM Protective Servs., Inc.*, No. 16-CV-80635, 2016 WL 11201730, at *2 (S.D. Fla. Aug. 26, 2016) (Middlebrooks, J.) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). Plaintiff alleges that: (1) he had an oral employment contract with Defendant APC; (2) Defendant did not pay Plaintiff the amount agreed upon for his work; and (3) Plaintiff was damaged as a result of Defendant's failure to pay for the work Plaintiff performed. *See* Am. Compl. at ¶¶ 42–45. Therefore, Plaintiff has established the elements of his breach of contract claim for unpaid wages and, based on its default, Defendant admits these allegations.

### 3. Unjust Enrichment (Count III)

In Count III of the Amended Complaint, Plaintiff alleges an unjust enrichment claim, pled in the alternative to his breach of contract claim, to recover the reasonable value for the labor and services he provided to Defendant APC. *See* Am. Compl. at ¶¶ 46–49.

In Florida, unjust enrichment is an equitable remedy and is not available where an adequate legal remedy exists. *See Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1518–19 (S.D. Fla. 1996) (dismissing unjust enrichment claim because "[p]laintiffs fail to allege that an adequate remedy at law does not exist"). Courts in this District have addressed the concept of "adequate remedy at law" in various contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist.

*See, e.g.*, *Bule v. Garda CL Se., Inc.*, No. 14-21898-Civ, 2014 WL 3501546, at *3 (S.D. Fla. July 14, 2014) (Moreno, J.).

Here, the undersigned finds that both the FLSA and Plaintiff's breach of contract claim provide adequate remedies at law through which Plaintiff may recover his unpaid wages. Additionally, Plaintiff has failed to state in Count III of the Amended Complaint that an adequate remedy at law does not exist to redress any of the alleged wrongdoing.

Because Plaintiff fails to allege that an adequate remedy at law does not exist, and the undersigned finds that Plaintiff has adequate remedies at law to recover his unpaid wages, Count III fails to state a claim for unjust enrichment and, therefore, Plaintiff is not entitled to judgment on this Count.

### C. Damages

The undersigned next considers Plaintiff's claim for damages and the bases therefore. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). "Damages may only be awarded if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested." *Angelini v. Remasur USA, LLC*, No. 16-21290, 2018 WL 4410008, at *3 (S.D. Fla. May 25, 2018) (Torres, J.), *report and recommendation adopted sub nom.*, *Angelini v. Gonzalez*, 2018 WL 4409943 (S.D. Fla. June 11, 2018) (Williams, J.) (citations omitted).

As discussed above, Plaintiff seeks unpaid minimum wages pursuant to the FLSA, as well as contractual damages based on Defendant's agreement to pay him $20.00 per hour. Each category of damages is addressed below.

13

### 1. FLSA Damages

Plaintiff first seeks damages under the FLSA for unpaid minimum wages and liquidated damages. "A defendant who fails to pay an employee in accordance with the FLSA 'shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" *Garcia v. Anauel Catering, Corp.*, No. 17-22460, 2018 WL 1137100, at *1 (S.D. Fla. Jan. 31, 2018) (Cooke, J.) (quoting 29 U.S.C. § 216(b)). Under the FLSA, the employee has the burden of proving he worked without proper compensation. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). After the employee produces evidence supporting his claimed damages, the burden shifts to the employer to prove it properly paid the employee. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (quoting *Anderson*, 328 U.S. 680). If the employer fails to produce evidence, like time records, showing the employee was properly paid, then the Court may award the employee's requested damages. *Id.* (quotation and citations omitted).

In the Motion, as in the Statement of Claim, Plaintiff seeks unpaid wages in the amount of $2,080.00, an equal amount in liquidated damages, and an additional $754.00 in liquidated damages for unpaid minimum wages. *See* Mot. at 5–6; [ECF No. 6]. In support of the requested damages, Plaintiff submitted a Declaration to establish the basis for that amount of compensation. [ECF No. 27-2].

In his Declaration, Plaintiff states that he was employed by Defendant APC from January 19, 2022 through February 6, 2022, and that he worked eight (8) hours a day from Monday to Friday during that time period, for a total of 104 hours, but that he was never paid by Defendant APC. *Id.* ¶¶ 3, 5–6. Plaintiff avers that Defendant APC agreed to pay him $20.00

per hour. *Id.* at ¶ 4. Thus, Plaintiff claims that he is owed $2,080.00 in unpaid wages, at the regular rate of $20.00 per hour, and $754.00 in unpaid minimum wages, at the rate of $7.25 per hour. Plaintiff also seeks an additional $2,080.00 as liquidated damages under the FLSA. *Id.* at ¶ 7.

Plaintiff's Statement of Claim provides two different calculations of the amount of wages owed to him. [ECF No. 6 at 2.]. In the first calculation, Plaintiff states he is owed $2,080.00, based on his regular rate of pay, $20.00 per hour. However, in the second calculation, Plaintiff, claims he is owed $754.00 in unpaid minimum wages based on the applicable federal minimum wage, $7.25 per hour.

Under the FLSA, Plaintiff is only entitled to recover unpaid minimum wages. *See* 29 U.S.C. § 216(b). The FLSA does not provide a basis for recovery of the agreed upon hourly rate of pay in excess of the minimum wage. Therefore, as to Count I, alleging a claim under the FLSA, Plaintiff is entitled to recover $754.00 in unpaid minimum wages. As discussed below, Plaintiff may recover the balance of his unpaid wages under his breach of contract claim.

Plaintiff also seeks liquidated damages pursuant to the FLSA. The FLSA generally requires the doubling of an unpaid minimum wage award. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."). The Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251–62, amended the FLSA to provide a safe harbor for employers to escape liability for liquidated damages if they are able to establish that they acted in good faith and under the reasonable belief that they were in compliance with the FLSA. *Id.* at § 260. An employer who violates the FLSA's minimum wage provision

carries the burden of proving its entitlement to the safe harbor. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

Here, given its failure to appear or otherwise defend this action, Defendant APC has not and cannot meet this burden. *See Comas v. Chris's Auto Sales Corp.*, No. 22-cv-20701, 2022 WL 1658827, *3 (S.D. Fla. May 25, 2022) (Bloom, J.). Therefore, the Court must award liquidated damages to Plaintiff in an amount equal to his unpaid minimum wages. *See e.g.*, *Joiner*, 814 F.2d at 1539 ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith."). Consequently, Plaintiff is entitled to recover an additional amount of $754.00 as liquidated damages from Defendant APC.

Thus, Plaintiff is entitled to an award of his unpaid minimum wages at a rate of $7.25 per hour for 104 hours of work for a total of $754.00 and an equal amount as liquidated damages under the FLSA. Accordingly, as to Count I, Plaintiff is entitled to a total amount of $1,508.00 for his unpaid minimum wages claim pursuant to the FLSA.

### 2. Breach Of Contract Damages

In addition to FLSA damages, Plaintiff seeks damages pursuant to his breach of contract claim. Parties may not recover twice for one injury. *See Gen. Tel. Co. of the Nw., Inc. v. E.E.O.C.*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual."). Therefore, where a party is entitled to recovery under the FLSA, he or she may only recover additional damages for breach of contract to the extent that he or she is contractually entitled to more than the amount awarded under the FLSA. *See, e.g.*, *Lagasan v. Al-Ghasel*, 92 F. Supp. 3d 445, 458–59 (E.D. Va. 2015). Accordingly, here, Plaintiff may be entitled to recover the balance of his unpaid wages over and above the unpaid minimum

wages based on his breach of contract claim. *See Clough v. McClure Constr. Co.*, No. 18-cv-2069, 2019 WL 1559661, at *3 (M.D. Fla. Mar. 25, 2019).

Based on his Declaration and the terms of his contract, Plaintiff is owed an additional $1,326.00 in damages for his breach of contract claim, in excess of those awarded under the FLSA (*i.e.*, $12.75 per hour multiplied by the 104 hours he worked for Defendant). Accordingly, as to Count II, Plaintiff is entitled to $1,326.00 based on his breach of contract claim.

### D. Entitlement To Attorney's Fees And Costs

In the Motion, Plaintiff seeks an order entitling him to recover his attorney's fees and costs incurred in this action and requests the Court reserve jurisdiction to determine the amount of those fees and costs upon application by Plaintiff. Mot. at 2, 6.

The FLSA provides that the Court "shall, in addition to any judgment awarded to plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Therefore, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorneys' fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

Further, absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under Section 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Therefore, if the District Court enters a default final judgment in Plaintiff's favor, as recommended here, then Plaintiff will be the prevailing party and is entitled reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and costs pursuant to 28 U.S.C. § 1920.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Entry of Final Judgment [ECF No. 27] as to Counts I and II of the Amended Complaint, **DENY** the Motion as to Count III of the Amended Complaint, and enter a final default judgment in favor of Plaintiff, Bryan Sevares, and against Defendant, American Pipeline Construction, LLC, in the amount of **$2,834.00**, which consists of:

a)  an award of $754.00 in damages for unpaid minimum wages under the FLSA;

b)  an award of $754.00 in liquidated damages under the FLSA; and

c)  an award of $1,326.00 in damages for Plaintiff's breach of contract claim.

The undersigned also recommends that the District Court find that Plaintiff's counsel is entitled to recover a reasonable amount of attorney's fees and costs related to this matter and that the Court reserve jurisdiction to determine the amount of attorney's fees and costs

upon a motion by Plaintiff providing detailed records supporting any claim for fees and costs and in accordance with the Local Rules of the Southern District of Florida.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 28th day of February 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record

American Pipeline Construction, LLC
c/o Secretary of State
P.O. Box 6327
Tallahassee, FL 32314