## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-21233-KMM

BRYAN SEVARES,

      Plaintiff,

v.

AMERICAN PIPELINE CONSTRUCTION,
LLC, *et al.*,

      Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Bryan Sevares' ("Plaintiff") Motion for Final Default Judgment ("Mot.") (ECF No. 27) against Defendant American Pipeline Construction, LLC ("Defendant"). On November 29, 2022, this Court[1] referred the Motion to United State Magistrate Judge Melissa Damian. ECF No. 29. On February 28, 2023, Magistrate Judge Damien issued a Report and Recommendation ("R&R") (ECF No. 31), recommending that the Motion be GRANTED IN PART AND DENIED IN PART. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

### I.      BACKGROUND

On August 15, 2022, Plaintiff filed an Amended Complaint asserting claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and for breach of contract

---

[1] This case was originally assigned to United States District Judge Marcia Cooke. It was subsequently reassigned to United States District Judge K. Michael Moore for all further proceedings. ECF No. 30.

and unjust enrichment against the Defendant for the hours worked from January 19, 2022, to February 6, 2022. ("Compl.") (ECF No. 1).

On October 13, 2022, Plaintiff filed a Notice of Filing Proof of Service indicating that on September 13, 2022, substitute service of the summons and initial pleadings was accepted by the Secretary of State, pursuant to Sections 48.062 and 605.0117, Florida Statutes, on behalf of Defendant. (ECF No. 22). Defendant has not appeared nor filed a responsive pleading to the Complaint. Mot. at 1–2. On August 18, 2022, a Clerk's Entry of Default was entered against Defendant. (ECF No. 26). Now, Plaintiff moves for final default judgment against Defendant.

## II.    LEGAL STANDARD

### A.  Report and Recommendation

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review").

### B.  Default

"The mere entry of a default by the Clerk of the Court does not in itself warrant the entry of a default judgment by the Court." *Garrido v. Linden Contracting Servs*., Case No. 0:14-cv-60469-KMM, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014).  "Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered."  *Id*. (citation omitted).  "A party in default has admitted all well-pleaded allegations of fact."  *Id*.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citations omitted).  Damages may be awarded without an evidentiary hearing "only if the record adequately reflects the basis for award via . . . a demonstration by detailed affidavits establishing the necessary facts."  *Adolph Coors Co. v. Movement against Racism & Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations and internal quotation marks omitted).  In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'"  *Holtz v. Bagel Mkt., Inc*., Case No. 12-62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph*, 777 F.2d at 1543–44).

### III.    DISCUSSION

### A.    Service

In the R&R, Magistrate Judge Damien finds that Defendant is a Florida for-profit limited liability company authorized to conduct business in Miami-Dade County, Florida and that it is concealing its whereabouts after various attempts at service.  R&R at 8.  Accordingly, Magistrate Judge Damien finds that Plaintiff has sufficiently established that substitute service of Defendant

was proper.  The Court finds no clear error with this finding and accordingly adopts Magistrate Judge Damian's finding that substitute service was proper.

      *B. Liability*

      Plaintiff brings three claims:  (1) unpaid minimum wages under the FLSA; (2) breach of contract; and (3) unjust enrichment.  Magistrate Judge Damien finds that Plaintiff sufficiently alleges the first two claims but fails to allege the third.  As discussed below, the Court agrees with and ADOPTS Magistrate Judge Damien's findings.

      The R&R finds that Plaintiff has established the elements of his minimum wage claim.  In interpreting the FLSA, the Code of Federal Regulations (CFR) states that, "The Fair Labor Standards Act provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act."  29 C.F.R. § 541.4.  Magistrate Judge Damien notes that Plaintiff asserts he is owed $2,080.00 in unpaid wages and $754.00 in unpaid minimum wages. R&R at 10 (citing ECF No. 27-2 at ¶ 7).  And, by defaulting, Defendant admits that it employed Plaintiff, that it engaged in commerce, and that it failed to pay Plaintiff minimum wages as required by law.  *Id.*  The Court agrees with the R&R's finding that these admissions are sufficient to establish that Defendant is liable to pay Plaintiff the unpaid minimum wages owed for his work.

      Magistrate Judge Damien next finds that Plaintiff established the elements for his breach of contract claim.  R&R at 12.  Under Florida law, the elements of a breach of contract action are: "(1) a valid contract; (2) a material breach; and (3) damages."  *Dorsainvil v. JM Protective Servs., Inc*., No. 16-CV-80635, 2016 WL 11201730, at *2 (S.D. Fla. Aug. 26, 2016) (quoting

*Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).  Plaintiff alleges that: (1) he had an oral employment contract with Defendant; (2) Defendant did not pay Plaintiff the amount agreed upon for his work; and (3) Plaintiff was damaged as a result of Defendant's failure to pay for the work Plaintiff performed.  *See Am. Compl.* at ¶¶ 42–45.  The Court agrees with Magistrate Judge Damien's findings that Plaintiff sufficiently alleged that Defendant is liable for breach of contract.

Lastly, Magistrate Judge Damien finds that Plaintiff fails to allege an unjust enrichment claim.  R&R at 12.  A party may plead in the alternative for relief under an express contract and for unjust enrichment where no adequate legal remedy exists.  *Matorella v. Deutsche Bank Nat. Trust Co.,* 931 F. Supp. 2d 1218, 1227-28 (S.D. Fla. 2013).  As the R&R notes, Courts in this District have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist.  R&R at 12.  Here, the Court agrees with Magistrate Judge Damien's findings that Plaintiffs other two claims provide adequate remedies at law through which Plaintiff may recover his unpaid wages.  The Court ADOPTS the R&R's finding that Plaintiff is not entitled to judgment on his unjust enrichment claim.

### C.  Damages

In addition to entering default judgment on liability, a court must determine the amount of damages to be awarded.  *See Holtz*, 2013 WL 12141515, at *2.  The burden is on the plaintiff to prove the amount of damages owed.  *Varela v. Innovative Wiring Sols., LLC*, Case No. 6:07–cv–165–Orl–28KRS, 2009 WL 1795044, at *4 (M.D. Fla. June 22, 2009).  "Affidavits based on personal knowledge can be sufficient evidence to establish damages."  *Holtz*, 2013 WL 12141515, at *2 (citation omitted).  Indeed, "[i]n the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant

employer has not come forward with time records of its own." *Id.*; *see also Varela*, 2009 WL 1795044, at *4 (citation and internal quotation marks omitted) ("If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the court may award approximate damages based on the employee's evidence.").

Plaintiff first seeks damages under the FLSA for unpaid minimum wages and liquidated damages. The R&R finds that Plaintiff is entitled to recover $754.00 in unpaid minimum wages based on the applicable federal minimum wage, $7.25 per hour for 104 hours. R&R at 15. The Court agrees. Magistrate Judge Damien also finds that Plaintiff is entitled to receive liquidated damages in an amount equal to his unpaid minimum wages. *Id.* at 16. The Court agrees. Plaintiff is entitled to recover $754.00 in liquidated damages.

As to the breach of contract claim, the R&R finds that Plaintiff is owed an additional $1,326.00 ($12.75 per hour times 104 hours). The Court agrees.

Plaintiff's counsel is also seeking attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action...."); *see also P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 847 (11th Cir. 2019) ("Prevailing FLSA plaintiffs are 'automatically entitled to attorneys' fees and costs.'" (quoting *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007))). The Court agrees with Magistrate Judge Damien's recommendation that Plaintiff, as the prevailing party, is entitled to reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and costs pursuant to 28 U.S.C. § 1920.

UPON CONSIDERATION of the Complaint, the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 31) is ADOPTED and the Motion for Final Default Judgment (ECF No. 27) is GRANTED.  The Clerk of Court is instructed to administratively CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record