UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21233-KMM

BRYAN SEVARES,

       Plaintiff,

vs.

AMERICAN PIPELINE
CONSTRUCTION, LLC.,

       Defendants.

_____/

**PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
AND MOTION TO COMPEL FACT INFORMATION SHEETS**

Plaintiff, Bryan Sevares, through his undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, and other applicable Rules and laws, requests this Court enter an Order determining that he is the prevailing party in this action, and that he is entitled to recover from Defendant, American Pipeline Construction, LLC., his attorneys' fees, costs, and reasonable expenses of litigation based on the following good cause:

**MOTION FOR ENTITLEMENT TO
AN AWARD OF ATTORNEYS' FEES AND COSTS**

***Factual and Procedural History***

1.      Plaintiff sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*, breach of contract and unjust enrichment. [ECF No. 1.]

2.      Following a default against Defendant, Plaintiff recovered a judgment on May 2, 2023 on the FLSA and breach of contract claims. [ECF No. 33].

3.      The Court already determined that Plaintiff is entitled to recover his attorneys' fees and costs from Defendant. [ECF No. 33].

4.      Plaintiff's counsels' time and expense records in this case, which reflect the time and costs reasonably expended in the prosecution of this action, are attached as Exhibit "A" to this Motion.

5.      Plaintiff's counsel kept the records attached as Exhibit "A" contemporaneously, and the attached is a true and accurate copy of the records digitally made and kept in the ordinary course of business by Plaintiff's counsel.

WHEREFORE Plaintiff, Bryan Sevares, requests the Court enter a Final Judgment for his attorneys' fees and costs to be recovered from Defendant.

## MEMORANDUM OF LAW

As the Eleventh Circuit Court of Appeals discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994):

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* at 435-37; *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

These elements will be addressed in order.

1.      *Plaintiffs' counsel expended a reasonable number of hours.*

Counsel for a prevailing Plaintiff should be paid consistent with attorneys who are compensated by a fee-paying client for all time he/she reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit court of Appeals explained that, "hours reasonably expended" meant "billable hours", such as "…work that would be paid for by a

reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.*, 847 F.2d 738 (11th Cir. 1988). Counsel's sworn testimony is evidence which is to be given "considerable weight" of the time required and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, Plaintiff's counsel exercised billing discretion.

2.     <u>*Plaintiffs' hourly rate(s) for this type of litigation is reasonable.*</u>

The initial estimate of a reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman*, 836 F.2d at 1299) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based upon prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737, n.1. The Court also should analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

*Plaintiff's Lead Counsel - Brian H. Pollock, Esquire*

Brian H. Pollock, Esq. has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999. He was admitted to practice, and also has actually practiced, before the Middle District of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court of the United States. Mr. Pollock has been practicing civil litigation in the Florida state and federal courts since 1999, and September 2022 marked his twenty-third (23rd) year of practicing law. He has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in the State of Georgia.

Mr. Pollock has represented numerous employees in the Florida state, federal, and appellate courts in both individual actions and in class / collective actions, and he continues to do so. Mr. Pollock was appointed as counsel to represent collective actions in *Peña vs. Handy Wash, Inc.*, S.D. Fla. Case No.: 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.*, S.D. Fla. No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.*, S.D. Fla. Case No.: 15-CV-20642-KING, and in *Freese v. Treecycle Land Clearing Inc.*, S.D. Fla. Case No.: 17-CV-81169-REINHART. Mr. Pollock also was appointed as class counsel in several class actions, including a class of servers seeking unpaid minimum wages under the Florida Minimum Wage Act in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fished Called Avalon*, Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09). Mr. Pollock is currently class counsel for over 60 employees seeking underpaid wages in *Azor v. Direct Airlines Services, Inc.*, presently pending in the Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32). From October 2005 to October 31, 2011, Mr. Pollock served on The Florida Bar Unlicensed Practice of Law Committee 11A and was the Chairperson

of that committee from May 2011 to October 31, 2011. As such, Mr. Pollack's hourly rate on this case is $450.00.

*Plaintiff's Associate Counsel – Toussaint Cummings, Esquire*

Toussaint Cummings, Esq. has been a member in good standing of the Florida Bar since 2015, and of the Southern District of Florida since 2019. Mr. Cummings attended Benjamin N. Cardozo Law School in New York City where he interned for the Neighborhood Defenders of Harlem and the Legal Aid Society. He started his legal career in the Miami-Dade Public Defender's office where he worked tirelessly for five years representing indigent clients. During that time, he first-chaired approximately 15 criminal trials (misdemeanor and felony), second-chaired approximately five criminal trials (felony), conducted over 300 depositions, and drafted and argued dozens of dispositive evidentiary motions. Needless to say, all of this hard work was compensated solely through a salary set by the state of Florida, and not computed on an hourly basis.

Mr. Cummings began practicing civil litigation in 2019, primarily defending an internationally-known Fortune 500 company. Through this representation, he once served as second-chair trial counsel who conducted voir-dire, direct and cross-examinations, and argued for directed verdict. Since that time, Mr. Cummings has mainly represented plaintiffs in first-party insurance claims where he developed skills necessary to transition into the employment law field. Mr. Cummings currently concentrates his practice on employment law, mainly representing employees. As such, Mr. Cummings's hourly rate is $350.00.

*Further Qualifications*

Besides regularly representing claimants in the Southern District of Florida, Mr. Pollock regularly represents employers and other defendants in Florida state and federal courts. Mr.

Pollock's customary rate **_actually paid_** by new clients was $450.00 per hour, which was drawn against a retainer since as far back as 2018. Currently, clients actually pay an hourly rate of $475.00/hour for Mr. Pollock and $350/hour for his associate, Mr. Cummings, which is drawn against a retainer.

This case, in contrast, provided FairLaw Firm with no guarantee of payment for the services rendered in connection with Plaintiff's claims. For this reason, the Plaintiff entered into a contingency agreement where he agreed that all time spent by Mr. Pollock and the other members of his firm should be compensated at a rate of $550.00/hour.

Plaintiff seeks an hourly rate of $450.00 per hour for time Mr. Pollock spent litigating this case. Plaintiff also seeks a rate of $350 per hour for the time Mr. Cummings spent on this case.

In 2018, United States District Judge Darren Gayles issued an Order approved Mr. Pollock's rate at $500/hour in _Palacio Cruz v. Infante Security Protection, LLC_, 18-CV-21839-GAYLES/OTAZO REYES on September 4, 2018 at ECF No. 17. Magistrate Judge Jonathan Goodman issued an Order Approving FLSA Settlement and Closing Case approving Mr. Pollock's rate of $450/hour in _Maceda Gonzalez v. Radiation Shield Technologies, Inc._, 20-CV-23262-GOODMAN on March 25, 2021 at ECF No. 33. And more recently, this Court approved Mr. Pollock's $450.00 rate and Mr. Cummings's $350.00 rate in an Order Adopting Magistrate Judge's Report and Recommendations in _Pablo Comas v. Chris's Auto Sales Corp, et al._, 22-cv-20701-BLOOM/OTAZO REYES on August 30, 2022 at ECF No. 39.

Further, this Court previously recognized that Mr. Pollock's rate could be anywhere from $400/hour to $450/hour in this Court back in August of 2017:

> [T]he requested $395 hourly rate for Mr. Pollock, who has over 17 years of experience, is
> not excessive, _see James v. Wash Depot Holdings, Inc._, 489 F. Supp. 2d 1341, 1350 (S.D. Fla.

2007) (finding $450 was a reasonable hourly rate for attorneys who had over 10 and 25 years of experience, respectively, in the practice of labor and employment law); *Eason v. Bridgewater & Associates, Inc.*, 108 F. Supp. 3d 1358, 1366 (N.D. Ga. 2015) (proposed hourly rate of $400 per hour for partner was reasonable for purposes of awarding attorney's fees to FLSA prevailing plaintiffs).

*Araujo v. C.R.C. Car Rental Inc.*, 2017 WL 3382315, at *1 (S.D. Fla. Aug. 4, 2017) (Altonaga, J.).

In light of the foregoing, the requested rates for Mr. Pollock and Mr. Cummings are demonstrably reasonable.

3.    *Lodestar Adjustment*

Plaintiff does not request that the Court adjust the lodestar in this case, but to award his counsel a reasonable attorneys' fee at the rate requested. The amount of time Mr. Pollock and his office expended on this case necessarily precluded the performance of work on other cases – including defense cases on which FairLaw Firm would be paid at a higher hourly rate. Since this case presents a realistic risk of little or no recovery and resulted in the preclusion of other work by Mr. Pollock and his office, the requested hourly rate should <u>not</u> be adjusted other than at $450/hour for Mr. Pollock and $350/hour for Mr. Cummings. The Court is not constrained to award attorneys' fees in proportion to the amount that Plaintiff recovered, *see James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (citing *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir.1997)); *c.f. City of Riverside v. Rivera*, 477 U.S. 561, 574, (1986). "The FLSA relies on individuals to bring claims as private attorneys general with the promise that should they prevail they will be awarded their reasonable attorney's fees in addition to damages." *Nesbitt v. FCNH, Inc.*, 74 F. Supp. 3d 1366, 1374 (D. Colo. 2014), *aff'd*, 811 F.3d 371 (10th Cir. 2016).

4.      *Total fee award.*

By this Motion, and pursuant to 29 U.S.C. §216(b), Plaintiffs seek a total fee award for

FairLaw Firm of **$7,951.64** including costs:

a.      **Total Fees of FairLaw Firm:**                              **$7,422.50**

| | | |
|---|---|---|
| Brian H. Pollock | $450.00/hour x <u>1.5</u> hours = | $    <u>675.00</u> |
| Toussaint Cummings | $350.00/hour x <u>16.3</u> hours = | $ <u>5,772.50</u> |
| Paralegals | $150.00/hour x <u>6.5</u> hours = | $    <u>975.00</u> |

b.      **Total Costs of Litigation:**                              **$ 529.14**

(Exhibit "A".)

## CONCLUSION

For the foregoing reasons, Plaintiff, Bryan Sevares, respectfully requests the Court to award

his counsel attorneys' fees and costs against Defendant, American Pipeline Construction, LLC., as

requested above.

## VERIFICATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and

declare under penalty of perjury that the foregoing is true and correct.

Dated <u>May 10, 2023</u>                                        s/Toussaint Cummings, Esq.
                                                         Toussaint Cummings, Esq.


## MOTION TO COMPEL FACT INFORMATION SHEET

1.      Rule 69(a)(2) of the Federal Rules of Civil Procedure entitles a prevailing party to

employ discovery in furtherance of execution on a judgment:

In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

2.       Rule 1.560(c) of the Florida Rules of Civil Procedure, in turn, permits a judgment creditor such as the Plaintiff to request of the Court the following:

In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, **shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court**.

3.       Having secured a judgment against Defendant American Pipeline Construction, LLC., Plaintiff requests that the Court require Defendant to complete a Florida Form 1.977 Fact Information Sheet, including all attachments, within 30 days, in the form(s) appended hereto as Exhibits "B" and "C". *See Whitwam v. JetCard Plus, Inc.*, 2014 WL 6433226 (S.D. Fla. Nov. 13, 2014.)

4.       Plaintiff further requests the Court require Defendant to complete Florida Form 1.977 Fact Information Sheet in the form(s) appended hereto, including all attachments, and "to fax and/or hand-deliver the same to Plaintiffs' Counsel" within 30 days of service of the Fact Information Sheets on Defendant. *Rodriguez v. Super Shine & Detailing, Inc.*, 2013 WL 4786596, at *4 (S.D. Fla. Sept. 6, 2013).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court to compel Defendant, American Pipeline Construction, LLC., to complete and return a Form 1.977 Fact Information Sheet, with all required attachments, to Plaintiff's counsel within 30 days of service of the Fact Information Sheets on Defendant.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/ECF System on May 10, 2023, which will affect service on all who appear in this action, and by U.S. Mail on Defendant, American Pipeline Construction, LLC, to the addresses where they served with process in this action.

s/Toussaint Cummings, Esq.
Toussaint Cummings, Esq.
Fla. Bar No. 119877
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*